UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| ISIDRO CALLEJA SEBASTIAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:25-cv-00167-SCM |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| SAMUEL OLSON, et al., | ) | **ORDER DENYING INJUNCTIVE** |
| | ) | **RELIEF** |
| Respondents. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Isidro Calleja Sebastian requests that this Court grant his Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Emergency Motion"), [Dkt. 5], and enjoin the Respondents from maintaining removal proceedings against him until this Court rules on his Petition for a Writ of Habeas Corpus.  For the reasons set forth below, the Petitioner's Emergency Motion, [Dkt. 5], is **DENIED**.[1]

The Petitioner is a citizen of Mexico who is charged with entering the United States unlawfully.  [Dkt. 1 at 4–5; Dkt. 5-1 at 8].  He is currently held in the Campbell

---

[1] The Petitioner has also filed a Motion to Expedite Ruling on Habeas Petition.  [Dkt. 8].  Although not entirely clear, it appears that the Petitioner is asking for an expedited ruling on his Emergency Motion for injunctive relief.  [*See id.* at 1 (arguing that the Petitioner will be harmed if his final removal hearing is allowed to go forward on December 22, 2025)].  That motion is **DENIED AS MOOT** solely as it relates to his Emergency Motion, [Dkt. 5].

County Detention Center under federal custody and is subject to pending removal proceedings.  [Dkt. 1 at 5; Dkt. 5-1 at 3.].

The Petitioner seeks an order from this Court "enjoining Respondents from conducting removal proceedings against Mr. Calleja Sebastian and ordering Respondents to immediately vacate [the currently scheduled final removal hearing]." [Dkt. 5-1 at 3].  He argues that he is likely to succeed on the merits of his habeas petition and that he will suffer irreparable harm without the requested relief.  [*Id.* at 7–11].  He further argues that the equities and public interest are in his favor.  [*Id.* at 11–12].  However, the Petitioner's Emergency Motion must be denied because this Court has no power to grant it.  And even if the Court could consider the Emergency Motion's merits, the Court concludes that the Petitioner has not shown that he is entitled to the extraordinary remedy of preliminary injunctive relief because he fails to demonstrate at least three of the four necessary factors for such relief.

8 U.S.C. § 1252(g) provides that, with exceptions not relevant here, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The relief that the Petitioner seeks—an injunction stopping the adjudication of his removal proceeding—is squarely in the heartland of what § 1252(g) prohibits.  *See Yzo v. U.S. Dep't of Homeland Sec.*, No. 07-13016, 2007 WL 2438278, at *1 (E.D. Mich. Aug. 23, 2007) (denying request to stay removal proceedings in connection with a petition for a writ of habeas corpus due to § 1252(g)'s jurisdictional bar).

2

Pending removal proceedings undeniably "aris[e] from the decision or action by the Attorney General to commence proceedings" and "adjudicate cases." 8 U.S.C. § 1252(g); *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999) (vacating the Ninth Circuit's decision affirming a district court injunction against removal proceedings because § 1252(g) deprives district courts of jurisdiction to grant such injunctions). Although the Sixth Circuit has not ruled on this precise issue, it has explained that 8 U.S.C. § 1252(g) strips district courts of power to enjoin the execution of removal orders. *See Hamama v. Adducci*, 912 F.3d 869, 880 (6th Cir. 2018); *see also Ene v. Phillips*, 99 F. App'x 642, 643 (6th Cir. 2004) ("The initiation and prosecution of various stages in the deportation process are within the Attorney General's discretion and not subject to judicial review." (citation omitted)). Given that conclusion, it is impossible to see how this Court could lawfully enjoin pending removal proceedings without trampling on the Attorney General's prerogative to "commence proceedings" and "adjudicate cases"—a prerogative Congress specifically sought to insulate from judicial review, just like the prerogative to execute removal orders. *See Hamama*, 912 F.3d at 873; *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 112 (2020) ("A major objective of IIRIRA was to 'protec[t] the Executive's discretion' from undue interference by the courts; indeed, 'that can fairly be said to be the theme of the legislation.'") (citation omitted). Consequently, this Court concludes it has no authority to grant the Petitioner's request to put a stop to his removal proceedings.

Even so, injunctive relief is not appropriate here. A preliminary injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden in proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). To obtain a preliminary injunction, the Petitioner would have to show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. 2025) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The third and fourth *Winter* factors "merge when, as here, the Government is the opposing party." *Barton v. U.S. Dep't of Labor*, 757 F. Supp. 3d 766, 779 (E.D. Ky. 2024) (citation omitted). Setting aside the merits prong, the Petitioner does not establish irreparable harm, nor does he establish that the equities and public interest are in his favor. While it is true that "no one factor is controlling," *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted), the Court concludes that the Petitioner's failure to establish these elements means that he has not carried his burden of proving that the circumstances clearly demand injunctive relief.

First, the Court considers irreparable harm. To support his claim of irreparable harm, the Petitioner points to his detention "two hours away from his family and immigration attorney," which he says causes "irreparable harm in the form of depriving him of a meaningful opportunity to consult with counsel" and may

4

result in his "wrongful removal from the United States." [Dkt. 5-1 at 11]. But his Emergency Motion's requested relief—staying his removal proceedings—does not release the Petitioner from detention, move him closer to his attorney or family, or otherwise facilitate communication with them. [*See* Dkt. 5-1]. In other words, the Petitioner's Emergency Motion does not address the supposed irreparable harm. Moreover, the Petitioner's Emergency Motion does not establish how adjudication of his removal case would cause him to suffer irreparable harm in the first place. To be sure, the Petitioner's Emergency Motion invokes the risk of "wrongful removal," but that speculates about the *result* of removal proceedings rather than the harm caused by adjudication of the Petitioner's case. [Dkt. 5-1 at 11]. To justify injunctive relief, the irreparable harm must be "both 'certain and immediate,' not 'speculative or theoretical.'" *Int'l Union of Painters & Allied Trades Dist. Council No. 6 v. Smith*, 148 F.4th 365, 371 (6th Cir. 2025) (citation omitted). But the Petitioner's asserted harm stemming from the adjudication of his case is speculative at best, and there is simply no connection between the Petitioner's requested relief and his other claims of irreparable harm.

In any event, "conclusory assertion[s]" of potential harm such as those in the Petitioner's Emergency Motion do not satisfy the irreparable-harm inquiry. *See Sarkisov v. Bondi*, 138 F.4th 976, 979 (6th Cir. 2025). And the mere fact of being subject to removal proceedings does not constitute irreparable harm. After all, the Petitioner might prevail in the removal proceeding. Moreover, while "removal is a serious burden for many aliens, it is not categorically irreparable." *Nken v. Holder*,

5

556 U.S. 418, 435 (2009). Even wrongful removal does not necessarily result in irreparable harm. *See id.* ("It is accordingly plain that the burden of removal alone cannot constitute the requisite irreparable injury. Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal."); *see also Sarkisov*, 138 F.4th at 979 ("Since litigants like Sarkisov are now free to continue pursuing their appeals from abroad if they are deported while the appeal is pending, 'the burden of removal alone cannot constitute the requisite irreparable injury.'") (citation omitted). If the Petitioner is found to be removable, and if his removal is ultimately determined to be wrongful, he has a remedy: the immigration appeal process Congress enacted.

Separately, the Petitioner cannot demonstrate that staying his removal proceedings would be in the public interest. The Court has explained that § 1252(g) deprives it of jurisdiction to entertain the Petitioner's request for injunctive relief. And it is hornbook law that "'the public interest lies in the correct application' of the federal constitutional and statutory provisions upon which the claimants have brought [their] claim." *Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006); *see also, e.g., Thompson v. DeWine*, 976 F.3d 610, 619 (6th Cir. 2020) ("It's in the public interest that we give effect to the will of the people 'by enforcing the laws they and their representatives enact.'"). Here, that means letting the Petitioner's removal proceedings go forward without judicial interference—as Congress instructed. Given Congress's clear statutory command, the Court cannot

6

conclude that the public interest would be served by staying removal proceedings that Congress deliberately insulated from judicial review.

For these reasons, **IT IS ORDERED** as follows:

1)    The Petitioner's Emergency Motion, [Dkt. 5], is hereby **DENIED**.

2)    The Petitioner's Motion to Expedite, [Dkt. 8], is **DENIED AS MOOT** solely insofar as it relates to the Petitioner's Emergency Motion.

Signed this 19th day of December, 2025.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky